FILED
IN OPEN COURT

NOV 1 4 2000  19___
CLERK
U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Robert C. TOUCHSTON, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| v. ) | CIVIL ACTION NO. ___ |
| ) | 6:00-CV-1510-ORL-28C |
| Michael McDERMOTT, *et al.* ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 8(a), Plaintiffs have moved for the relief prayed for in their *Motion for Temporary Restraining Order and/or Preliminary Injunction* pending their appeal of this court's November 14th, 2000, *Order* denying said *Motion*.

The standard in the Eleventh Circuit for an injunction pending appeal is "(1) the likelihood of ultimate success on appeal; (2) irreparable injury to the movant; (3) the harm to appellees if injunctive relief is granted; and (4) the public interest." *Smith v. Snow*, 722 F.2d 630, 631 (1983). These standards are met.

First, Plaintiffs are likely to succeed on appeal because this court erred in failing to exercise its jurisdiction to grant the relief requested, as fully set out in the *Memorandum in*

MEMORANDUM IN SUPPORT OF MOTION
FOR INJUNCTION PENDING APPEAL  1

16

*Support of Plaintiffs' Emergency Motion for Temporary Restraining Order of Preliminary Injunction* at 9-28.

Second, Plaintiffs will suffer irreparable injury if the requested relief is not granted as fully set out in the *Memorandum in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order of Preliminary Injunction* at 29-30. In particular, two deadlines loom. On December 18, 2000, the electoral college is to vote. 3 U.S.C. § 7 (2000). But even before that the Florida Elections Canvassing Commission is required to certify the results of the election by 5 p.m. on Tuesday, November 14, 2000. Fla. Stat. § 102.111(1) (2000). Due to the dilution of Plaintiffs' votes complained of herein, the election may be certified for the wrong candidate and the Electors may take office and vote for the wrong candidate.

Third, the balance of Plaintiffs' irreparable harm against the harm to the Defendants if injunctive relief is granted weighs heavily in favor of Plaintiffs as fully set out in the *Memorandum in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order of Preliminary Injunction* at 30-31. Defendants' interest, as election officials, is in ensuring that all votes are given equal weight so that the proper candidate takes office – an interest paralleling that of Plaintiffs.

Fourth, the public interest weight heavily in favor of Plaintiffs as fully set out in the *Memorandum in Support of Plaintiffs' Emergency Motion for Temporary Restraining Order of Preliminary Injunction* at 31-21. In short, the public interest clearly favors equal weighting of all the ballots cast in a statewide race.

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR INJUNCTION PENDING APPEAL   2**

Finally, injunctive relief is appropriate because there is no adequate remedy at law. While Fla. Stat. § 102.168 allows for contests of election, there is no conceivable way for that procedure to reverse the erroneous certification of Electors before they take office and cast their votes.

For all the foregoing reasons, this Court should grant an injunction pending appeal as prayed for in *Plaintiffs' Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction*.

Respectfully Submitted

James Bopp, Jr., *Trial Counsel*
Heidi K. Meyer
James R. Mason, III.
Eric C. Bohnet
Justin David Bristol
J. Aaron Kirkpatrick
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Telephone:   (812) 232-2434
Facsimile:   (812) 235-3685
*Lead Counsel for Plaintiffs*

Mathew D. Staver
Fla. Bar No. 0701092
Liberty Counsel
210 East Palmetto Avenue
Longwood, FL 32750
Telephone: 407-875-0077
Telecopier: 407-875-0770
*Local Counsel for Plaintiffs*

**MEMORANDUM IN SUPPORT OF MOTION
FOR INJUNCTION PENDING APPEAL   3**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was on this date served upon counsel of record for the following Defendants named herein by hand delivery:

Michael McDermott, Ann McFall and Pat Northy
Volusia County Canvassing Board Members
Department of Elections
136 N. Florida Ave
DeLand, Florida 32720-4208

Theresa LePore, Charles E. Burton and Carol Roberts
Palm Beach County Canvassing Board Members
P.B.C. Governmental Center
301 North Olive Ave, Room #105
West Palm Beach, Florida 33401-4795

Jane Carroll, Suzanne Gunzburger and Robert Lee
Broward County Canvassing Board Members
Broward County Governmental Center
115 S. Andrews Ave, Room #102
Ft. Lauderdale, Florida 33301

David Leahy, Lawrence King, Jr. and Miriam Lehr
Miami-Dade County Canvassing Board Members
Stephen P. Clark Center
111 N.W. 1st Street, 19th Floor
Miami, Florida 33128

Katherine Harris, Clay Roberts and Bob Crawford
Election Canvassing Commission members

      Serve:  Katherine Harris, Secretary of State
                Florida Department of State
                PL-02, The Capitol
                Tallahassee, Florida 32399-0250

Date 11/14/00

_____
Mathew D. Staver
*Local Counsel for Plaintiffs*